UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-cv-60347

JAVIER A. CASTELLANOS,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"),

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District and sued in this District.

## PARTIES

3.    Plaintiff, JAVIER A. CASTELLANOS, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, is a corporation organized under the laws of the State of Delaware. It is a citizen of the State of Virginia with its principal place of business at 130 Corporate Blvd., Norfolk, VA 23502.

5. Defendant is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is Corporation Service Company, 1201 Hays St., Tallahassee, Florida 33435.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt for a credit card.

10. On or about November 16, 2016, Portfolio filed a state court action against Castellanos for an alleged Citibank/Best Buy credit card debt in the amount of $1643.52 plus $220.00 in court costs.

11. On December 8, 2016, Castellanos's legal counsel, Neema R. Desai, filed her notice of appearance. Attorney Desai continued to represent Castellanos in the state court action until the matter was settled.

12. Portfolio and Castellanos settled in full the state court action via stipulation on January 11, 2017. The Stipulation for Settlement is attached as Exhibit "A."

13. The settlement agreement required Castellanos to pay Portfolio $220.00.

14. The check sent to Portfolio on behalf of Castellanos was cleared on January 6, 2017. A copy of the canceled check is attached as Exhibit "B."

15. Notwithstanding that Castellanos settled the account in full on January 6, 2017, and Portfolio signed the settlement agreement on January 11, 2017, Portfolio obtained a default in the state court action on January 31, 2017, twenty-five (25) days after payment cleared and twenty(20) days after it signed the settlement agreement.

16. On or about January 30, 2017, Defendant sent a letter directly to Plaintiff seeking to collect a balance of $1423.52. A copy of the letter from Defendant to Plaintiff is attached as Exhibit "C."

17. The letter acknowledged the payment of $220.00 but only as a payment on the total amount alleged. This is in contravention to the settlement agreement executed by both parties in the state court action.

18. Plaintiff's attorney had not consented to Defendant's direct communication with Plaintiff.

19. Plaintiff's attorney had not failed to respond to any communication of Defendant within a reasonable amount of time.

20. No court had authorized Defendant's direct communication with Plaintiff.

21. At the time Defendant sent its letter to Plaintiff, Defendant knew the FDCPA and the FCCPA prohibited it from communicating directly with Plaintiff.

22. If Defendant continues to communicate directly with Plaintiff, Plaintiff will be harmed in the future by the inability to avail himself of the representation of his counsel.

### COUNT I
### COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

23. Plaintiff incorporates Paragraphs 1 through 22.

24. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## CONTINUING TO COLLECT A DEBT PREVIOUSLY PAID

25.    Plaintiff incorporates Paragraphs 1 through 22.

26.    Defendant continued to collect a debt after it had been paid pursuant to a fully executed settlement agreement in violation of 15 U.S.C. §1692e(2).

27.    Defendant also sent a letter to Plaintiff's legal counsel, dated February 1, 2017, which could be described as a verification letter.  A copy of the verification letter is attached as Exhibit "D."

28.    The letter states that Portfolio completed its investigation and determined that the Citibank/Best Buy debt in the amount of $1423.52 was valid.

29.    Pursuant to the fully-executed settlement agreement, there was no balance owed.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

**COUNT III**
**COMMUNICATION WITH A CONSUMER REPRESENTED**
**BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72(18)**

30.    Plaintiff incorporates Paragraphs 1 through 22.

31.    Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72 (18).

32.    The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.      Damages;

      b.      Attorney's fees, litigation expenses and costs of suit;

      c.      declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

      d.      permanently injoining Defendant from direct communication with Plaintiff; and

      e.      Such other or further relief as the Court deems proper.

## COUNT IV
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72(9)

33. Plaintiff incorporates Paragraphs 1 through 22 and 29.

34. Defendant attempted to enforce a debt when it knew that the amount was not valid in violation of Fla. Stat. §559.72 (9).

35. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div*., 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendant's communication with Plaintiff violates the FCCPA;

    d. permanently enjoining Defendant from direct communication with Plaintiff; and

    e. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

                                          JDL Law, P.A.
                                          Attorney for Plaintiff
                                          P.O. Box 277534
                                          Miramar, FL 33027-7534
                                          Tel:   954-562-0907
                                          service@ jdllawpa.com


                                           /s/ Joel D. Lucoff
                                          Joel D. Lucoff
                                          Fla. Bar No. 192163